# CIRCUIT COURT OF THE CITY OF RICHMOND

Earl Sibley, Sr.

v.

City of Richmond

April 25, 2008

Case No. CL08-1033

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on an appeal noted by Earl Sibley, a City of Richmond employee, from a determination of non-grievability.

Sibley took a medical leave of absence from his employment with the City due to a serious illness and returned to work on March 12, 2007. He provided the City with his physician's work release on that date, with the only restriction involving "climbing ladders." Sibley stated that climbing ladders was not part of his regular duties and that he returned to work full-time.

On May 7, 2007, his supervisor sent him off the job until the City performed its own medical evaluation. Sibley received the medical evaluation on June 1, 2007, but was not cleared to return to work until June 25, 2007. According to Sibley, this further delay was to clear up any concern about the "climbing ladders" work restriction. Between May 7 and June 25, Sibley was placed on paid leave until his accrued time was exhausted, and then he was placed on unpaid leave. He seeks reimbursement of the accrued paid leave and unpaid wages incurred during the time period waiting on the City's medical certification. After Sibley grieved the matter, the City determined Sibley's complaint was non-grievable, and Sibley appealed this determination. The court does not agree and finds that Sibley has a case that is grievable.

If the issue of grievability were limited to the City's time delay in performing the medical evaluation, then there would not likely be grounds for grievability. In other words, though unfortunate, the delays are part of the internal methods and practices that are reserved from the grievance process, as the City contends.

But that is not the sole basis on which Sibley's situation could be grievable. With respect to the Family Medical Leave Act (The Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, applicable to care and treatment of serious health condition of the employee and the employee's immediate family members), the City's Personnel Rules state in relevant part:

> When an employee is returning to duty from a personal injury/illness covered under FMLA, the employee shall present a statement from the treating health care provider certifying the employee is medically able to return to work. Upon returning to work, *but prior to performing duties*, an employee returning from FMLA leave may be required to submit to an examination by the City's Employee Medical Services provider. During the scheduled appointment, the employee must present a statement from the treating physician indicating any accommodation *required for the employee to perform the essential functions of the job*. The City's medical evaluation will be job-related and applicable only to the condition associated with the FMLA leave.

Family Medical Leave Act, II.i.4 (emphasis added).

In this case, the evidence could show that Sibley returned to performing his duties prior to the City's seeking independent medical certification. Therefore, the City may not be entitled to obtain its own medical certification or, at the least, may not be entitled to seek medical certification at Sibley's expense for the intervening delay. Also, the City's medical certification was performed on June 1, 2007, but Sibley was not allowed back to work until June 25, 2007. Sibley's testimony was that this delay was to resolve confusion around his personal physician's restriction regarding "climbing ladders." But this restriction may not be an accommodation essential for his job functions nor would any evaluation of that restriction be "job-related." A factual determination by the Personnel Board on either of these factors could entitle Sibley to some or all of the relief he seeks.

Therefore, for the above stated reasons, the grievability determination is overturned and the court deems that Sibley has made a colorable showing of grievablity which should be resolved on the merits with a hearing before the City's Personnel Board.

Ms. Drewry is directed to provide a suitable draft for an order implementing this decision, referring this matter to the City's Personnel Board for further proceedings.